UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC.,** | |
| *Plaintiff*, | Civil Action No. 15-5838 |
| v. | OPINION |
| **PRANAV PATEL,** | |
| *Defendant*. | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiff Super 8 Worldwide, Inc.'s ("SWI") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant Pranav Patel ("Patel"). Dkt. No. 11. For the reasons stated below, the motion is **GRANTED**.

**I.    BACKGROUND**

SWI is a South Dakota corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, Dkt. No. 1. It licenses the operation of Super 8 motels. Id. ¶ 6. Defendant Patel is a citizen and resident of Georgia. Id. ¶ 2. On June 8, 1998, SWI and Patel entered into a franchise agreement ("Franchise Agreement") for the operation of a 33-room Super 8 motel (the "Facility") in Pelham, Georgia. Id. ¶ 6.

Pursuant to the Franchise Agreement, Patel was obligated to operate the Facility for a twenty-year term. Id. ¶ 7. In operating the Facility, Patel was required to make renovations to bring the Facility into compliance with "System Standards," "Approved Plans," and a "Punch

1

List," all of which were defined in or attached to the Franchise Agreement, id. ¶ 8; maintain certain scores on periodic quality assurance inspections by SWI, id. ¶¶ 9-10; make periodic payments to SWI for royalties, system assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees"), id. ¶ 11; prepare and submit monthly reports to SWI disclosing, among other things, the amount of gross revenue earned at the Facility, id. ¶ 13; and maintain accurate financial information relating to the gross room revenue, and allow SWI to examine, audit, and make copies of the financial information, id. ¶ 14.  The Franchise Agreement states that any delinquent amounts owed would be assessed interest at a rate of 1.5% per month, or the maximum rate allowed by law, whichever is less.  Id. ¶ 12.

Pursuant to section 11.2 of the Franchise Agreement, SWI could terminate the Franchise Agreement, without notice to Patel, if Patel (a) failed to pay any amount due to SWI under the Franchise Agreement, (b) failed to remedy any other default of its obligations or warranties under the Franchise agreement within thirty days after receipt of written notice from SWI specify one or more defaults, or (c) received two or more notices of default under the Franchise Agreement in any one-year period, whether or not the defaults were cured.  Id. ¶ 15.  In the event of termination under section 11.2, Patel agreed to pay $2,000 in liquidated damages for each guest room at the Facility Patel was authorized to operate at the time of termination.  Id. ¶¶ 16-17.

Beginning in 2011, Patel repeatedly failed to operate the Facility in accordance with SWI's System Standards, in breach of his obligations under the Franchise Agreement.  Id. ¶ 19.  On September 15, 2011, SWI conducted a quality assurance inspection ("QAI") of the Facility and, on October 18th, advised Patel by letter that (a) the Facility received a failing score in the QAI, (b) as a result Patel was in default under the Franchise Agreement, (c) he had ninety days to cure the

2

QAI default, and (d) the Franchise Agreement would be subject to termination if default was not timely cured.  Id. ¶ 20; Fenimore Aff. Ex. C, Dkt. No. 11-3.

On February 2, 2012, SWI conducted another QAI of the Facility and, on March 22th, advised Patel by letter that (a) the Facility received a failing score in the QAI, (b) as a result Patel was in default under the Franchise Agreement, (c) he had thirty days to cure the QAI default, (d) he owed $26,729.38 in outstanding Recurring Fees in breach of the Franchise Agreement, (e) he had ten days to cure the monetary default in accordance with section 11.2 of the Franchise Agreement, and (f) the Franchise Agreement would be subject to termination if the defaults were not timely cured.  Compl. ¶ 21; Fenimore Aff. Ex. D.

SWI conducted additional QAI's on April 25th and July 20th, both of which resulted in failing scores and advisory letters to Patel that he remained in default of the Franchise Agreement and owed an increasing amount of Recurring Fees.  Compl. ¶¶ 22-24; Fenimore Aff. Exs. E-G.

On November 27th, SWI informed Patel by letter that it was terminating the Franchise Agreement due to Patel's failure to satisfy the required quality standards and meet his financial obligations.  Compl. ¶ 25.  The letter advised Patel that he was required to pay SWI $66,000 as liquidated damages for premature termination of the Franchise Agreement, and all outstanding Recurring Fees.  Id.; Fenimore Aff. Ex. H.  Patel did not respond to SWI.

SWI filed the instant lawsuit on July 29, 2015, seeking to recover all unpaid fees.  Dkt. No. 1.  Defendant failed to answer or otherwise defend against the Complaint.  On September 14, 2015, SWI petitioned the Clerk of the Court for an entry of default against Patel pursuant to Fed. R. Civ. P. 55(a).  Dkt. No. 7.  The Clerk of the Court entered default against Patel the next day.  Id.  On November 2, 2015, SWI moved for entry of default judgment.  Dkt. No. 11.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. Subject matter jurisdiction here is present pursuant to diversity under 28 U.S.C.

4

§ 1332.  Patel is a citizen of Georgia, and Plaintiff is a South Dakota corporation with its principal place of business in Parsippany, New Jersey.  Compl. ¶¶ 1-2.  The amount in controversy exceeds the required $75,000.  Fenimore Aff. ¶ 31.  The Court has personal jurisdiction over Defendant based upon consent in the Franchise Agreement to personal jurisdiction in this district.  See Fenimore Aff. Ex. A ¶ 17.4.  The Court also finds that service was proper.  Plaintiff provided proof of service on Defendant at his dwelling in Pelham, Georgia.  See Aff. of Service, Dkt. No. 5.  Thus, the Court is satisfied that it has jurisdiction to enter default judgment and that Defendant was properly served.

### B. Liability

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, 908 F.2d at 1149.  The Complaint pleads facts which, taken as true, establish Defendant's liability for breach of contract.[1]

In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach.[2]  Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012).  Here, Plaintiff has alleged that (1) there was a contractual relationship with Defendant based on the Franchise Agreement, Compl. ¶¶ 6-18; (2) Defendant breached the contract when he failed to operate the Facility in accordance with the System

---

[1] Plaintiff's other causes of action—including unjust enrichment—would not alter the damages in this case, so the Court does not analyze the sufficiency of those pleadings.

[2] Although the franchise at issue was located in Georgia, the Franchise Agreement provides that the agreement shall be governed by and constructed under New Jersey law.  Fenimore Aff. Ex. A ¶ 17.5.

5

Standards and pay outstanding Recurring Fees and liquidated damages, id. ¶¶ 19-25; and (3) Plaintiff suffered resulting damages, id.; Fenimore Aff. Exs. I-J. Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.

### C. Appropriateness of Default Judgment

Next, the Court must consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendant does not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief. Finally, the Court finds that Patel acted culpably as he has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See Couch Cert. ¶ 10, Dkt. No. 11-2; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, Plaintiff must prove damages. See Comdyne I, 908 F.2d at 1149. If the damages are for a sum which can be made certain by computation, inquiry into extrinsic evidence is unnecessary. See id. After reviewing the Franchise Agreement, the Addendum, the certification of Bryan Couch, Esq. and affidavit of Suzanne Fenimore, the Court is satisfied that SWI's requests

for Recurring fees, liquidated damages, and prejudgment interest can be made certain by formulas specified in the Franchise Agreement. Therefore, proof of these sums requires only computation.

Here, SWI seeks judgment in the amount of $171,446.05.[3] Fenimore Aff. ¶ 31. This consists of (1) $42,502.97 in overdue Recurring Fees, (2) $66,000 in liquidated damages, and (3) $62,943.08 in prejudgment interest. See id. ¶¶ 22-31; id. Exs. I-J. Plaintiff proves that it is entitled to the Recurring Fees it requests by providing an itemized statement of the overdue amounts. See id. Exs. I-J. Plaintiff proves liquidated damages as well. Under sections 11.2 and 12.1 of the Franchise Agreement, Defendant owes $66,000 in liquidated damages for prematurely terminating the Franchise Agreement.[4] See id. Ex. A. "No further evidence is required to substantiate this amount." Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC, No. 06-1581, 2007 WL 1674485, at *6 (D.N.J. June 8, 2007). Finally, section 7.3 of the Franchise Agreement entitles Plaintiff to prejudgment interest on past-due recurring fees and damages at a rate of 1.5 percent per month "accruing from the due date until the amount is paid." Fenimore Aff. Ex. A ¶ 7.3. The invoice dates from which Defendant's past-due Recurring Fees began accruing interest range from April 2011 to March 2013, which amounts to $27,951.83. Id. Ex. E. The liquidated damages have been overdue from December 27, 2012 to December 7, 2015, and have accrued interest in the amount of $34,991.25. Id. ¶ 30. The total amount of interest due is $62,943.08.

---

[3] SWI does not request attorneys' fees and costs, nor does it submit any documentation addressing the issue. Dkt. No. 11.

[4] Under section 12.1 of the Franchise Agreement, Patel agreed to pay $2,000 in liquidated damages for each guest room at the Facility Patel was authorized to operate at the time of termination. Fenimore Aff. Ex. ¶¶ 28-29. At the time SWI terminated the Franchise Agreement, Patel was authorized to operate thirty three rooms at the facility. Id. Therefore, liquidated damages are set at $66,000.

The combination of the overdue Recurring Fees, liquidated damages, and accrued interest equals the damages Plaintiff requests. Therefore, SWI is entitled to default judgment in the total amount of $171,446.05.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, Dkt. No. 11, is **GRANTED**. An appropriate order accompanies this opinion.

Dated: May 6, 2016                               */s Madeline Cox Arleo*
                                                 **MADELINE COX ARLEO**
                                                 **United States District Judge**